**UNITED STATES of America**

**v.**

**Kevin Richard HALL, Defendant.**

**Criminal No. 02–31–P–H.**

United States District Court,
D. Maine.

June 16, 2006.

Donald E. Clark, Helene Kazanjian, Office of the United States Attorney, Portland, ME, James W. Chapman, Jr., U.S. Department Of Justice, Northern Criminal Enforcement Section, Tax Division, Washington, DC, for United States of America.

Edward S. MacColl, Thompson, Bull, Furey, Bass & MacColl, LLC, PA, Portland, ME, for Defendant.

### ORDER ON DEFENDANT'S MOTION FOR NEW TRIAL

HORNBY, District Judge.

#### *Introduction*

Over three years ago, a jury convicted Kevin Hall of 168 criminal charges. One conviction was a conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (2000); the rest were money laundering and tax evasion, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 26 U.S.C. § 7201. Hall appealed his convictions and his sentence to the Court of Appeals for the First Circuit. The First Circuit denied his challenges to the convictions, but remanded to this Court for re-sentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *United States v. Hall*, 434 F.3d 42, 62 (1st Cir.2006). Shortly after the First Circuit entered judgment, but before issuing its mandate, Hall moved

for a new trial under Fed.R.Crim.P. 33. I Deny Hall's motion for a new trial,[1] in large part because the relevant issues were resolved against Hall on his appeal. The Clerk shall schedule the matter for re-sentencing in accordance with the First Circuit's mandate.[2]

### Analysis

Hall argues that a new trial is warranted because of newly discovered evidence, see Fed.R.Crim.P. 33(b)(1), concerning the criminal history of a key trial witness against him. To obtain a new trial on the basis of newly discovered evidence, a defendant must show that "(1) the evidence was unknown or unavailable to the defendant at the time of the trial; (2) failure to learn of the evidence was not due to lack of diligence by the defendant; (3) the evidence is material, and not merely cumulative or impeaching; and (4) it will probably result in an acquittal upon retrial of the defendant." *United States v. Casas*, 425 F.3d 23, 53 (1st Cir.2005) (quoting *United States v. Colón–Muñoz*, 318 F.3d 348, 358 (1st Cir.2003)). The nature of the fourth element (commonly called the "prejudice" requirement) depends on the reason for the newly discovered evidence. If it results from a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), or the government's knowing use of perjured testimony, then it is satisfied if the defendant shows a "reasonable probability" that its timely disclosure would have altered the trial result. *United States v. González–González*, 258 F.3d 16, 20–22 (1st Cir.2001). When there is no *Brady* violation, or when perjured testimony was used by the government

unwittingly, the defendant must meet the more rigorous standard of showing an " 'actual probability that an acquittal would have resulted if the evidence had been available." *Id.* at 20 (quoting *United States v. Sepulveda*, 15 F.3d 1216, 1220 (1st Cir.1993)).

Here, Hall's newly discovered evidence is documentation of both the criminal record and the alleged criminal activity of a key trial witness, John Redihan. At trial the government disclosed to Hall, pursuant to the *Brady* rule, that Redihan was convicted in Rhode Island in 1998 of a drug distribution and firearm possession offense. At the time, the government provided a summary of Redihan's convictions, but identified this particular conviction as one involving Percodan and steroids. However, subsequent to trial (at sentencing) Hall learned that Redihan's Rhode Island conviction also involved distribution of marijuana. Hall contends that police reports and other records he has submitted show that Redihan was involved in large-scale marijuana trafficking, that Redihan himself made actual sales (as opposed to just being vicariously liable through a conspiracy), and that a confidential informant involved in the Rhode Island investigation had information concerning the scope and nature of the marijuana trafficking operation. *MacColl Aff.* at 3 (Docket Item 132).

Hall asserts that the government's failure to inform him of the marijuana aspect of Redihan's conviction constitutes a *Brady* violation. Alternatively, he argues that Redihan committed perjury on the stand,

1. Hall also argues that he should be granted discovery rights as to information in the possession of the government, and that this information would be relevant at re-sentencing. See Def.'s Supplemental Mem. at 7–8 (Docket Item 140). The government has not responded to this later-filed Memorandum. I direct the government to do so by June 26, 2006.

2. I find it unnecessary to hold an evidentiary hearing on this motion. See Def.'s Mem. in Support of Mot. for New Trial ("Def.'s Mem.") at 7–8 (Docket Item 131) (requesting hearing).

because when he was cross-examined he did not state that his conviction involved marijuana. Hall contends that the government knowingly proffered Redihan's perjury. Because of the alleged *Brady* violation and the knowing use of perjured testimony, Hall argues that he needs to meet only the less onerous standard of a "reasonable probability" of acquittal to satisfy the fourth new trial requirement. The government counters that it had no knowledge of the marijuana aspect of the conviction, that if perjury was committed by Redihan it was unwitting on the part of the government, that no *Brady* violation occurred, and therefore that the more onerous standard of an "actual probability" of acquittal must be met.

### (1) Failure to disclose the correct nature of the Rhode Island conviction and the alleged perjury at trial

■ Law of the case is a "prudential principle that precludes relitigation of the legal issues presented in successive stages of a single case once those issues have been decided." *Field v. Mans,* 157 F.3d 35, 40 (1 st Cir.1998) (quoting *Cohen v. Brown Univ.,* 101 F.3d 155, 167 (1st Cir. 1996)) (internal quotation marks omitted); *see also United States v. Vigneau,* 337 F.3d 62, 67 (1st Cir.2003). This doctrine is relevant because on his appeal to the First Circuit, Hall argued his *Brady* violation issue.

■ A *Brady* violation is shown by meeting three elements: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene,* 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999); *see also United States v. Morales–Rodríguez,* 448 F.3d 50, 64 (1st Cir.2006). To show "prejudice," the sup-

pressed evidence must be material: the defendant must show "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Morales–Rodríguez,* 448 F.3d at 65 (quoting *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)).

■ On the alleged *Brady* violation, Hall's arguments before the First Circuit were the same arguments before me now. *See* Brief for Appellant ("Def.'s Appellate Brief")at 59, *United States v. Hall,* 434 F.3d 42 (1st Cir.2006) (No. 03–2425) ("The prosecution's ... misrepresentation of Redihan's criminal history and its actions in eliciting false testimony from Redihan ... plainly violated [the] rule announced in *Brady* ...."). But the First Circuit ruled:

> [E]ven assuming the government had to disclose the details of Redihan's Rhode Island conviction, Hall has not shown sufficient prejudice to warrant relief. *Brady* prejudice exists where there is a reasonable probability that the suppressed evidence would have produced a different verdict. Hall elicited from Redihan, on cross-examination, that he was a convicted drug dealer and that he had distributed drugs in Rhode Island. Additional detail about the Rhode Island conviction would have been mostly cumulative. There also was substantial evidence of Hall's participation in a drug conspiracy aside from Redihan's testimony. Several other members of the conspiracy testified about Hall's criminal conduct. *In sum, we are persuaded the disputed information, if known to Hall, would not have affected the trial's outcome.*

*Hall,* 434 F.3d at 55–56 (internal citations and quotation marks omitted; emphasis added). Thus, the First Circuit ruled that there was no *Brady* prejudice. That rul-

ing binds me here: without *Brady* prejudice, there can be no *Brady* violation.

Hall's alternative argument that the government knowingly proffered Redihan's alleged perjury also must fail. The First Circuit held that "there is no evidence that the federal prosecutor or any agent working on her behalf had [information about the marijuana aspect of Redihan's conviction] prior to or during trial." *Hall,* 434 F.3d at 55. Indeed, Hall seems to concede that he still has no evidence showing that the government had knowledge: "as the government has never shown ... the evidence [it] did have concerning the Rhode Island conviction it is not possible to know whether the government withheld information or simply did not have it." Def.'s Supplemental Mem. at 3. *Cf. González–González,* 258 F.3d at 22 n. 1 (the defendant is required to show "a colorable claim" that the government had knowledge of the perjury before applying the lesser "reasonable probability" standard).

■ Hall also contends that the government's alleged misconduct in "[s]uborning perjury ... violates the due process clause." Def.'s Mem. at 6. By making this argument, he appears to be asserting that this provides a sufficient basis—independent of Rule 33—for granting him the relief of a new trial. If Hall did have evidence that the government suborned perjury, it is true that I would have the general supervisory power to take certain actions. *See United States v. Auch,* 187 F.3d 125, 133 (1st Cir.1999) (warning prosecutors engaging in misconduct that judicial "recourse is not limited to public hand-wringing in the pages of the federal reporters"); *see also United States v. Hasting,* 461 U.S. 499, 506, n. 5, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983) (recognizing court's authority and detailing the various actions the court may take). But long-established Supreme Court precedent holds that I

could vacate his conviction and order a new trial only if he demonstrated prejudice. *See, e.g., Napue v. Illinois,* 360 U.S. 264, 272, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) (new trial proper when perjury knowingly used "may have had an effect on the outcome of the trial"); *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (same); *see also Hasting,* 461 U.S. at 506, 103 S.Ct. 1974 (stating of prosecutorial misconduct generally, "[s]upervisory power to reverse a conviction is not needed as a remedy when the error ... is harmless since by definition, the conviction would have been obtained notwithstanding ..."). On Hall's appeal the First Circuit held squarely that Redihan's alleged perjury (omitting, when asked the nature of the conviction, the fact that it involved marijuana) did not prejudice Hall. *See Hall,* 434 F.3d at 56 ("[W]e are persuaded the disputed information, if known to Hall, would not have affected the trial's outcome."). Therefore, Hall cannot obtain the relief he seeks.

■ In attempting to argue that the First Circuit's holdings do not bind me, Hall says that "[t]he First Circuit addressed the evidence only in the context of Count One [the conspiracy charge]...." Def.'s Reply at 4 (Docket Item 134). I disagree. The decision occurred under the heading "Trial Error Claims" and addressed directly Hall's argument that Redihan lied. It is true that the First Circuit analyzed the Redihan conviction for its effect on the direct evidence of Hall's participation in the conspiracy: the Court concluded that there was "substantial evidence of Hall's participation in a drug conspiracy aside from Redihan's testimony." *Hall,* 434 F.3d at 56. But the First Circuit also addressed the conviction's impeachment value, when it held that Hall was able to "elicit[ ] from Redihan, on cross-examination, that he was a convicted

drug dealer and that he had distributed drugs in Rhode Island. Additional detail about the Rhode Island conviction would have been mostly cumulative." *Id,* at 55. This impeachment value extends to all of the counts, not just Count I, the conspiracy count. Thus, even if Hall's contention is true, that "the First Circuit cited no evidence other than Redihan's testimony in support of the defendant's convictions under [numerous other] counts," Def.'s Reply at 4, its holding that additional detail about the Redihan conviction would have been "mostly cumulative" applies to all counts.[3]

The First Circuit's holding on Hall's appeal precludes a new trial based upon either a *Brady* violation or knowingly proffered perjury, and also precludes me from ordering a new trial based on the alleged due process violation.

### (2) New Evidence of Redihan's criminal activity in Rhode Island

■ Hall also seeks a new trial on the basis of investigative documents and police reports he has submitted to this court that pertain to Redihan's criminal activity in Rhode Island. Hall asserts that this evidence shows that Redihan's marijuana trafficking was extensive, that he actually distributed the marijuana himself, and that a confidential informant involved in the Rhode Island investigation learned information concerning the scope and nature of the trafficking. He contends the evidence would be relevant at trial for several reasons: it would show Redihan's general lack of credibility, and by contradicting Redihan's testimony that he mainly sold marijuana only to Hall, would undermine the amount of marijuana he testified Hall bought from him.

In order to prevail on his motion for a new trial based upon new evidence of Redihan's criminal activity in Rhode Island, Hall must meet the stricter prejudice standard of proving an "actual probability that an acquittal would have resulted if the evidence had been available," *González–González,* 258 F.3d at 20. Of course, he must also meet the other three Rule 33 requirements, and show that the evidence was "unknown or unavailable" at trial, that his failure to learn of it "was not due to lack of diligence," and that it is "material." *Casas,* 425 F.3d at 53. I conclude that Hall fails to show that the new evidence is material, and also fails to show an "actual probability" of a different trial result.

First, evidence is not material if it is "merely cumulative or impeaching." *Colón–Muñoz,* 318 F.3d at 358. The First Circuit has already held on Hall's appeal that evidence showing that Redihan's Rhode Island conviction involved actual, large-scale distribution of marijuana would have been "mostly cumulative," reasoning that Hall had already "elicited from Redihan, on cross-examination, that he was a

---

**3.** Hall also argues that the First Circuit's ruling should not bind me because "the record on appeal did not include all of the evidence defendant now has of Redihan's actual dealings in Rhode Island...." Def.'s Mot. for New Trial at 4 (Docket Item 131). It is true that one exception to law of the case occurs when the proponent "proffer[s] significant new evidence, not earlier obtainable in the exercise of due diligence...." *Vigneau,* 337 F.3d at 68 (quoting *United States v. Bell,* 988 F.2d 247, 251 (1st Cir.1993)). However, this exception "does not apply when a trial court gratuitously jettisons the rule in order to ad-
dress an issue explicitly decided, and foreclosed, in an earlier appeal in the same case." *United States v. Rivera–Martinez,* 931 F.2d 148, 151 (1st Cir.1991); *see also* 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 4478 at 685 (2d ed. 2002) ("[N]ew evidence cannot be considered if it bears on an issue that was not left open by an appellate decision remanding for further proceedings on other issues."). Accordingly, this exception to law of the case does not apply here.

convicted drug dealer and that he had distributed drugs in Rhode Island." *Hall,* 434 F.3d at 55. Since his appeal Hall has located and submitted to this court more documents and reports relating to the activity underlying the marijuana conviction. This evidence is not any more probative of Redihan's credibility than was the evidence before the First Circuit. I see no reason to come to a different conclusion than did the First Circuit: the new evidence is impeaching and cumulative, not material.

Moreover, I find that the evidence does not demonstrate an "actual probability" of acquittal. The only issue on which this evidence could conceivably be directly relevant is the extent and scope of Hall's own trafficking in marijuana, for Redihan was his supplier. The First Circuit found that there was sufficient evidence, aside from Redihan's testimony, to support Hall's conviction for a drug conspiracy. *Hall,* 434 F.3d at 56. Since that is the case, Hall cannot prove the "actual probability" of acquittal that is necessary for a new trial.

Therefore, Hall is unable to show that the newly discovered evidence is material, or that there is an "actual probability" that he would be acquitted at retrial.

### Conclusion

Hall's motion for a new trial is DENIED. The Clerk's Office shall schedule the matter for re-sentencing. The government shall respond to Hall's request for discovery rights with respect to re-sentencing by June 26, 2006.

So ORDERED.